POLEN, Judge.
Appellant brings this appeal from the judgment entered against him after a jury found him guilty of attempted second degree murder of a law enforcement officer. Appellant has raised several points on appeal, only one of which merits discussion. Appellant argues that his prosecution was violative of the double jeopardy clause. We disagree and affirm.
Following a shooting that left one man injured, Delray Beach Police Officer Finley spotted a vehicle matching the general description given by the gunshot victim and gave chase. Appellant was one of two males in the suspect vehicle. It was unclear whether appellant was the vehicle’s driver or passenger. A rifle was thrown from appellant’s vehicle and later retrieved by another officer.
A high speed chase took place southbound on 1-95, beginning in Palm Beach County and ending in Broward County. Appellant’s vehicle was followed by four police vehicles, including Finley’s vehicle and a vehicle driven by Sergeant Gaylon of the Delray Beach Police Department. During the chase, appellant’s vehicle swerved to strike Finley’s vehicle, and the passenger in appellant’s vehicle was seen holding a handgun and pointing it at police. Once inside Broward County, several Deerfield Beach police officers joined the chase. Appellant’s vehicle entered 11th Way Park in Deerfield Beach and stopped. Finley and Gaylon arrived immediately afterward, followed moments later by three (3) Deerfield Beach police officers.
Accounts of what transpired in the park differed among the various police officers. Apparently, appellant’s accomplice was apprehended by Gaylon, and both Finley and Gaylon exchanged fire with appellant as he ran from them. Appellant was captured shortly after the gunfire broke out, with wounds on his elbow, arm, and shoulder blade.
Appellant requested that all charges against him be tried in Palm Beach County, but the Broward County prosecutor objected. Thus, there were separate prosecutions for the Palm Beach County conduct and the Broward County conduct. In Palm Beach County, appellant pled no contest to grand theft of a vehicle and two counts of aggravated assault with a deadly weapon[1] against Officer Finley and Sergeant Gay-lon. He was adjudicated guilty on all three charges and sentenced.
Later, in Broward County, appellant was charged with attempted first degree murder of a law enforcement officer, Officer Finley. Appellant filed a motion in limine to preclude the state from introducing evidence of the Palm Beach County offenses. The state argued that it should be permitted to introduce the evidence because such evidence would go toward proof of premeditation, an essential element of attempted first degree murder. The court denied ap *246 pellant’s motion and allowed the evidence to be presented.
The jury found appellant guilty of attempted second degree murder of a law enforcement officer, and this appeal followed. Appellant argues that the Broward County prosecution for attempted first degree murder was barred by the double jeopardy clause. We disagree.
Appellant’s reliance upon Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) is misplaced. In Cor-bin, the Supreme Court established a two-prong analysis to determine if a subsequent prosecution is barred by the double jeopardy clause. The first prong of the analysis is application of the Blockburger[2] test. Under Blockburger, a subsequent prosecution is barred when: 1) both offenses have identical statutory elements; or 2) one offense is a lesser included offense of the other. Since application of this first prong reveals no double jeopardy violation here, a second prong is considered: the subsequent prosecution will also be barred if “to establish an essential element of an offense charged in that prosecution, [the government] will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” Corbin, 495 U.S. at 521, 110 S.Ct. at 2093. Therefore, the critical inquiry as concerns this second prong is what conduct the state will prove and not what evidence the state will use to prove that conduct. Id.
Appellant argues that his first degree attempted murder prosecution was barred by the double jeopardy clause because in order to prove premeditation, an essential element of first degree attempted murder, the state proved conduct constituting the aggravated assault charge for which he had already pled no contest. Appellant’s argument is based on an erroneous interpretation of the holding in Corbin, an interpretation expressly cautioned against by the Supreme Court when it stated that the two-prong analysis “[was] not an ‘actual evidence’ or ‘same evidence’ test.” Corbin, 495 U.S. at 521, 110 S.Ct. at 2093 (footnote omitted). As the court explained, “the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding.” Id.
In the instant case, The state presented much evidence in an attempt to establish premeditation. Part of that evidence included appellant’s action of pointing a firearm out the window of a fleeing vehicle toward Officer Finley while in Palm Beach County. While this evidence might also have been used by the state to prove the aggravated assault charge against appellant in Palm Beach County had that charge gone to trial, the state was not prohibited from using this evidence in an attempt to establish premeditation for the Broward County offense.
We write further to note that the issue raised by appellant here might have been avoided, had the state prosecuted appellant for theft of a vehicle, aggravated assault, and attempted first degree murder in a single proceeding. Appellant’s requested consolidation of the charges against him was agreed to by the Palm Beach County assistant state attorney, but rejected by the assistant state attorney of the Seventeenth Judicial Circuit. Neither the state attorneys of the various circuits, nor the public defenders and judges, have unlimited time to expend on the multitude of cases presented to them. We are distressed that the state attorney involved in the instant case rejected the opportunity to avoid the necessity for multiple prosecutions, and possibly the necessity for this appeal.
AFFIRMED.
LETTS and DELL, JJ., concur.

. Appellant was initially charged with grand larceny and two counts of aggravated assault with a firearm, one with respect to Officer Finley and one with respect to Sergeant Gaylon.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).